STATE of Texas et al., Appellants,

v.

A. V. STEWART et al., Appellees.

No. 7000.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 28, 1960.

Rehearing Denied Dec. 27, 1960.

Kenneth Bain, Jr., Floydada, for appellants.

Ben P. Ayres; and Richard F. Stovall; Floydada, for appellees.

NORTHCUTT, Justice.

On July 27, 1959 the State of Texas and Floyd County, Texas, filed proper statement with the County Judge of Floyd County, Texas, seeking to condemn a certain tract of land consisting of 2.113 acres. The County Judge of Floyd County entered his order on July 28, 1959 appointing R. M. Battey, W. L. Davis and T. L. Graham, disinterested freeholders of Floyd County, Texas, as Special Commissioners to assess the damages caused by such condemnation. The commissioners took the proper oath and set the time for hearing upon the matter of damages for August 5, 1959 at 10:00 A.M. Notice of such hearing was served upon A. V. Stewart and wife, Ena Lea Stewart, the owners of the land in question, and the First National Bank of Floydada, Floydada, Texas, and J. M. Willson as lienholders. After having such hearing the Special Commissioners made and filed with the County Judge of Floyd County their awards assessing the damages at $4,890.40. A. V. Stewart filed his objections to the award with the county clerk of Floyd County, Texas. Notice of said objections was served upon the condemnors. No notice as to the objections was served upon J. M. Willson or the First National Bank of Floydada, and Willson did not answer setting up his lien but the First National Bank of Floydada filed its answer setting up its lien.

The case was tried to a jury but before offering any evidence, the parties stipulated and agreed that all proceedings had been regularly and properly brought and that the case was then properly before the court and that the only issue to be decided in the cause then pending before the court would be the issue of damages. The jury returned a verdict finding damages in the sum of $8,573.87 and the court entered judgment on November 30, 1959 for that amount.

The condemnors filed their motion for new trial on December 1, 1959. Then on January 18, 1960, the condemnors filed their amended motion for new trial and same was overruled by the Court without notice to the appellees. Immediately after learning of the amended motion contending there was error because Willson was not made a party in the County Court and the order overruling the amended motion for a new trial, Willson filed in the cause a release of all his claims and showing he had no interest in the property condemned.

The condemnors, appellants herein, perfected this appeal and present their appeal upon three points of error. All three points are based upon the contention there was error because Willson was not made a party in the County Court hearing. Since all the parties, including the condemnors, stipulated and agreed that all proceedings had been regularly and properly brought and that the case was properly before the court, and the only issue to be determined was the issue of damages, we can not agree that error was committed because the condemnors knew at the time they first started the condemnation proceeding Willson had a lien, and they made Willson a party to the condemnation proceedings. Knowing of Willson's claim, if any, and making the stipulations and agreement above mentioned, we can not hold the court erred, and, therefore, overrule all of appellants' points of error. Abilene Hotel Corp. et al. v. Gill et al., Tex.Civ.App., 187 S.W.2d 708.

However, should we be in error in overruling appellants' points of error, we think the error would be harmless since Willson filed in the cause a complete release of any claim that he might have had and disclaimed any interest in the property in question. Judgment of the trial court is affirmed.